FILED
United States Court of Appeals
Tenth Circuit

October 6, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LARRY WHITE,

      Plaintiff – Appellant,

v.

(FNU) GOFF, Medical Doctor, Correct
Care Solutions, Hutchinson Correctional
Facility; (FNU) KEPKA, Doctor, Correct
Care Solutions, Larned Correctional Mental
Health Facility; (FNU) BUMGARDNER,
Chief Medical Doctor, Correct Care
Solutions, Hutchinson Correctional
Facility; SAM CLINE, Warden,
Hutchinson Correctional Facility,

      Defendants – Appellees,

No. 09-3118
(D. Ct. Kan.)
(D. Ct. No. 5:07-CV-03311-SAC)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Circuit Judge, **HARTZ**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation
to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged,
except when related to law of the case, issue preclusion or claim preclusion. Any citation
to an order and judgment must be accompanied by an appropriate parenthetical notation –
(unpublished). 10th Cir. R. 32.1(A).

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, this case is ordered submitted without oral argument.

Larry White, a state prisoner appearing pro se,[1] appeals from the district court's denial of his motions for a temporary restraining order (TRO) and/or preliminary injunction. We lack jurisdiction to review the denial of White's motions for a TRO. We affirm the denial of his motions for a preliminary injunction.

## I.    BACKGROUND

White filed an amended pro se complaint pursuant to 42 U.S.C. § 1983 against two prison doctors alleging they provided him with inadequate medical care in violation of the Eighth Amendment. He also filed a motion for a TRO, requesting the court order Defendants to provide him effective medical treatment. About a month later, White filed an "Emergency Ex Parte Memorandum in Support for a [TRO]," seeking "a [TRO] and preliminary injunction to ensure that he receives proper effective medical care and relief from medical problems." (R. Vol. I at 103.) He claimed that prior to his incarceration, he was receiving proper medical treatment for his physical ailments (herniated disks, liver damage, arteriosclerosis, high cholesterol, brain damage and stroke), including medication to manage his chronic pain. He said his medical condition has deteriorated since being incarcerated because prison medical officials have not provided him adequate medical care. A week later, White filed a motion for a TRO/injunction, again requesting an order directing Defendants to provide him medical treatment. Seven months later,

---

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

2

White filed a motion for an *ex parte* injunction ordering Defendants to provide him with effective pain-relieving medication for a back injury.

The district court construed the first three motions as motions for a TRO and denied them. It concluded White failed to provide any specific facts making the requisite showing of immediate harm. As to the last motion seeking an *ex parte* order directing Defendants to provide him with pain medication, the court determined "the broad relief sought by [White] in an ex parte order is not warranted. While the court is convinced that a responsive pleading is necessary in this matter, the immediate intrusion sought by [White] is not appropriate and approaches the sort of micromanagement that courts generally should not undertake." (*Id.* at 118.) The court further concluded White's claims could not be properly reviewed absent additional information from the prison. Thus, it ordered the Kansas Department of Corrections to submit a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978) (approving district court's order directing prison officials to conduct an investigation of the alleged incident and report its findings to the court).

Prior to the *Martinez* report being filed,[2] White filed a petition with this Court requesting a writ of mandamus and/or reversal of the district court's denial of his motions for a TRO and a preliminary injunction. We denied the petition for writ of mandamus but ordered the petition be treated as a misdirected notice of appeal. The district court

_____

[2] According to the district court's docket, the *Martinez* report is due October 26, 2009.

3

reviewed the notice of appeal to determine whether an interlocutory appeal should be certified under 28 U.S.C. § 1292(b). It concluded certification was not proper:

> Plaintiff sought a temporary restraining order and injunctive relief to assure he received effective medical care. The court finds evidence that plaintiff is receiving ongoing medical care and concludes there are no exceptional circumstances which might justify appellate review at this point nor any ground suggesting that such an appeal might advance the ultimate resolution of this matter.

(R. Vol. I at 218 (citation omitted).) It denied White leave to proceed *in forma pauperis* on appeal and declined to stay the matter pending the appeal.

## II.      JURISDICTION

Defendants argue we lack jurisdiction over this appeal because the district court's order is not final under 28 U.S.C. § 1291 as it does not dispose of all of White's claims. They also assert we lack interlocutory appellate jurisdiction under 28 U.S.C. § 1292(b) because the district court declined to certify its order. Finally, Defendants claim we lack jurisdiction over White's appeal of the denial of his motions for a TRO because the denial of a TRO is ordinarily not appealable.

We agree the district court's order is not a final decision under 28 U.S.C. § 1291 because it did not dispose of all of White's claims. *See D&H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1444 (10th Cir. 1984) (en banc) (a final order under § 1291 terminates "all matters as to all parties and causes of action"). We also agree that the denial of a TRO is ordinarily not appealable. *See Populist Party v. Herschler*, 746 F.2d 656, 661 n.2 (10th Cir. 1984). However, White sought both a TRO and a preliminary injunction. Under 28 U.S.C. § 1292(a)(1), we have "jurisdiction [over]

4

appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions . . . except where a direct review may be had in the Supreme Court." "[A]n interlocutory order expressly granting or denying injunctive relief fits squarely within the plain language of [§] 1292(a)(1)." *Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1351 (10th Cir. 1989). Therefore, we lack jurisdiction to review the court's order to the extent it denies White's motions for a TRO but have jurisdiction to review the order to the extent it denies his motions for a preliminary injunction. *See Kikumura v. Hurley*, 242 F.3d 950, 955 n.2 (10th Cir. 2001) (concluding appellate jurisdiction existed only to review the denial of the preliminary injunction although plaintiff had requested both a preliminary injunction and TRO in the district court).

## III. DISCUSSION

We review a district court's denial of a preliminary injunction for an abuse of discretion. *Gen. Motors Corp. v. Urban Gorilla, L.L.C.*, 500 F.3d 1222, 1226 (10th Cir. 2007). "A district court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling." *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002) (citation omitted). "To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Gen. Motors Corp.*, 500 F.3d at 1126. Because White seeks a "specifically

disfavored" injunction—one that is mandatory as opposed to prohibitory—he bears a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc). Thus, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Id.* at 976. "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

The district court did not abuse its discretion in denying White's motions for a preliminary injunction. White's "arguments to the district court in support of his request [for a preliminary injunction] were merely conclusory reiterations of the requirements for an injunction couched in the form of declarative statements." *Blango v. Thornburgh*, 942 F.2d 1487, 1493 (10th Cir. 1991). Moreover, as the district court found, the record shows White is receiving medical treatment from Defendants. He appears to simply disagree with the course of his treatment. This disagreement does not state an Eighth Amendment claim. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."). Therefore, White has not shown a substantial likelihood of success on the merits.

We **DISMISS** White's appeal from the district court's denial of his motions for a TRO for lack of jurisdiction. We **AFFIRM** the district court's denial of his motions for a

6

preliminary injunction.  We **DENY** White's motion to reconsider our order denying his motion for appointment of counsel and **DENY** his motion to proceed *in forma pauperis* on appeal.  He is directed to remit the full amount of the filing fee within twenty days.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge